UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SIDE BY SIDE REDEVELOPMENT, INC.** | **CIVIL ACTION** |
| **VERSUS** | **No. 09-03861** |
| **CITY OF NEW ORLEANS** | **SECTION I** |

### ORDER

Defendant, the City of New Orleans ("the City"), has filed a motion to set aside an entry of default[1] in the above captioned case. The plaintiff, Side by Side Redevelopment, Inc. ("SBS") opposes the motion.[2] For the following reasons, the motion to set aside the entry of default is **GRANTED.**

### *BACKGROUND*

On June 15, 2009, SBS filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that the City deprived SBS of its property interests without due process and without just compensation in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution.[3] SBS seeks damages and attorneys fees pursuant to federal law and Louisiana law.[4]

A waiver of service was sent to the City on August 4, 2009 and the waiver was signed by

---

[1] R. Doc. No. 8.

[2] R. Doc. No. 15.

[3] R. Doc. No. 1, pp. 2-3.

[4] *Id.*, p 3.

1

the City's representative on August 26, 2009.[5] The City was required to respond by October 5, 2009.[6] On October 23, 2009, SBS filed an ex parte motion for entry of default[7] and the U.S. Clerk of Court entered the default on October 26, 2009.[8] On November 12, 2009, the City filed an answer to plaintiff's complaint[9] and on November 13, 2009, the City filed this motion to set aside the default.[10]

*LAW & ANALYSIS*

**I. Rule 55(a) Standard**

The City first argues that the requirements for an entry of default judgment were not met pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. However, the order granting the entry of default was entered pursuant to Rule 55(a), not Rule 55(b). Rule 55(a) provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. Pro. 55(a). In SBS' motion for entry of default pursuant to Rule 55(a), SBS provided documentation that the City had been served and that it had not responded before the deadline.[11] Therefore, the plaintiff's motion for entry of default accorded with the requirements

---

[5]R. Doc. No. 4; R. Doc. No. 5, Ex. 1, p. 1.

[6]*Id.*

[7]R. Doc. No. 5.

[8]R. Doc. No. 6.

[9]R. Doc. No. 7.

[10]R. Doc. No. 8.

[11]R. Doc. No. 5, Ex. 1.

of Rule 55(a) and the entry of default was proper.

**II. Rule 55(c) Standard**

Rule 55(c) of the Federal Rules of Civil Procedure provides that, "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed.R.Civ.P. 55(c). When determining whether good cause has been demonstrated, the Court should consider, (1) whether the default was willful,[12] (2) whether setting the default aside would prejudice the adversary, and (3) whether a meritorious defense is presented. *Buckley v. Donohue Inds., Inc.*, 100 Fed. Appx. 275, 278 (5th Cir. 2004)(citing *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992)); *Hargray*, 1993 WL 543412, at *1. "These factors, however, are neither 'talismanic' nor 'exclusive.'" *Broadwing Comm., Inc. v. Harris*, 2000 WL 1053863, at *1 (E.D. La. Aug. 1, 2000)(Vance J.)(quoting *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992)). "Other factors that a court may consider include whether 'the public interest was implicated,' whether 'there was a significant financial loss to the defendant,' and whether 'the defendant acted expeditiously to correct the default.'" *Id*.

Federal courts possess broad discretion when determining whether to set aside defaults, as defaults are generally disfavored and federal courts prefer to resolve disputes on the merits. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). Defaults are extreme sanctions reserved for rare occasions, and doubts as to whether or not a defendant has shown good cause should be resolved in favor of setting aside the default. *See Lindsey*, 161 F.3d at 893.

---

[12]"[A] willful failure alone may constitute sufficient cause to deny a motion to set aside entry of default. . . ." *Hargray v. City of New Orleans*, 1993 WL 543412, at *1 (5th Cir. Dec. 17, 1993).

3

**II. Defendant's Motion to Set Aside**

**a. Whether the Default was Willful**

The City asserts that its failure to timely respond to the plaintiff's complaint was not willful, but rather due to counsel's inadvertent mistake.[13] The City asserts that its counsel miscalculated the deadline for responding to plaintiff's claims.[14] Counsel for the City signed the waiver of service on August 26, 2009 and checked the docket report for the case on November 5, 2009 at which point counsel became aware that the deadline to respond had passed and that an entry of default had been entered.[15] The City asserts that it acted promptly by filing an answer on November 12, 2009 and a motion to set aside default on November 13, 2009.[16] SBS does not argue that the City acted willfully, but it merely states that because counsel for the City did not provide an affidavit stating that he made a mistake, the City has not met its burden to show that it did not act willfully.

An inadvertent error by a party's counsel alone is not generally considered a willful act. *See Howard v. U.S.,* 1993 WL 353506, at *2 (E.D. La. 1993)(Clement, J.)("Mistake of counsel has generally not amounted to willful misconduct for purposes of setting aside . . . an entry of default."); *Ihsaan v. City of New Orleans*, 1998 WL 465915 at *1 (E.D. La. Jul. 31, 1998)(Duval, J.)(where defense counsel erroneously left filing deadline off his calendar, "the delay was due to an innocent mistake and was not willful"); *Broadwing Comm.,* 2000 WL 1059863 at * 2

---

[13]R. Doc. No. 8, p. 1.

[14]*Id*.

[15]*Id*. at pp. 1-2.

[16]*Id*. at p. 2.

("[C]ontrary to plaintiff's assertions, this is not a case of an uncooperative party or an obstructionist adversary. Rather it is one of mistake or inadvertent oversight by defendant's California counsel."). In this case, the default does not appear to have been willful, but the result of a mistake on the part of counsel for the City. Although SBS asserts that counsel for the City should have provided an affidavit in order to meet its burden, it is clear, even without an affidavit, that this is not a case of wilful disregard. *See Bauman v. Tenet Health Sys. Hosp., Inc.*, 2000 WL 1219151 at *2 (E.D. La. Aug. 25, 2000)(granting a motion to set aside a default and finding that, even without an affidavit from defense counsel, "[t]he defendant's submissions make it pellucid that there was no intention to ignore [plaintiff's claims]"). Accordingly, the first factor used to determine if good cause exists weighs in favor of the City.

**B. Prejudice to Adversary**

The plaintiff does not argue that it will suffer prejudice if the motion to set aside default is granted.[17] Moreover, there is nothing in the record to indicate that the plaintiff will be prejudiced by setting aside the entry of default. Discovery has not yet commenced and no trial date or deadlines have been set. *Matthews v. Int'l House of Pancakes, Inc.*, 2007 WL 4591232 at *2 (E.D. La. Dec. 28, 2007). The only harm plaintiff may suffer is that the plaintiff will be required to prove its case, and such harm does not constitute prejudice. *Id.*; *see also Gen. Tel. Corp. v. Gen Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)(holding that "the setting aside of the default has done no harm to plaintiff except to require it to prove its case"). Therefore, the Court finds that setting aside the entry of default will not prejudice the plaintiff.

**C. Whether a Meritorious Defense is Presented**

---

[17]R. Doc. No. 12, p. 2.

The City asserts that it has presented a meritorious defense in its answer.[18] SBS argues that the City cannot prevail on the asserted defenses.[19] "[L]ikelihood of success is not the measure. Defendants' allegations are meritorious if they contain 'even a hint of a suggestion" which, proven at trial, would constitute a complete defense.'" *Howard,* 1993 WL 353506, at *3 (quoting *Keegel v. Key West & Caribbean Trading Co., Inc.,* 627 F.2d 372, 374 (D.C. Cir. 1980)). "[E]ven 'broad and conclusory' allegations meet the meritorious defense criterion for setting aside an entry of default." *Id.* (quoting *Keegel*, 627 F.2d at 374).

The plaintiff argues that the City has not presented meritorious defenses because the City's asserted defenses were previously rejected in two similar cases. The plaintiff avers that the present lawsuit is one of four separate albeit similar lawsuits which have been filed by SBS against the City since 2005. In each of these cases, the plaintiff states that it claimed damages for the wrongful demolition of property without due process.[20] The plaintiff states that two of the cases have settled and that two cases, including the present action, are still pending.[21]

The plaintiff provides a minute entry by U.S. District Judge Kurt Englehart in *Side by*

---

[18] The City filed an answer to plaintiff's complaint on November 12, 2009 asserting defenses that (1) plaintiff fails to state a cause of action upon which relief can be granted; (2) plaintiff does not state a violation of the U.S. Constitution or the Constitution of the State of Louisiana; (3) plaintiff cannot show the deprivation of a federally protected constitutional right; (4) plaintiff is not entitled to relief as a matter of law; (5) defendant's actions were reasonable under the circumstances; (6) defendant cannot be liable for discretionary acts; and (7) defendant is entitled to governmental immunity for discretionary acts. R. Doc. Nos. 7, pp. 6-7. In the City's reply to SBS' opposition to the motion to set aside default, the City asserts what appears to be a new and additional defense, namely that SBS lacks standing. R. Doc. No. 17, pp. 3-4.

[19] R. Doc. No. 12, pp. 2-5.

[20] *Id.* at p. 2.

[21] R. Doc. No. 12, pp. 2-4. Both the case before Judge Englehart and the case before this Court settled prior to trial. *Id*. at 3.

*Side Redevelopment v. New Orleans City*, No. 05-Cv-593 (E.D. La. filed Feb. 2. 2005) denying the City's motion to dismiss and the City's motion for summary judgment, granting SBS's motion for partial summary judgment as to liability, and denying the motion as to damages.[22] Judge Englehart's minute entry is a one page document that does not cite relevant facts or law.[23]

The plaintiff also includes an order from this Court in another case, *Side by Side Redevelopment v. New Orleans City*, No. 08-Cv-3647 (E.D. La. filed Jun. 5, 2008) denying SBS' motion for summary judgment.[24] In that order, this Court found that the plaintiffs were entitled to pre-deprivation notice, but denied the motion for summary judgment on the ground that "plaintiffs have not established all of the elements of their cause of action under [42 U.S.C.] § 1983, particularly that the unconstitutional conduct is directly attributable to an official policy or custom of the city."[25] The plaintiff asserts that:

> At the final pre-trial conference, however, plaintiff referred the judge to New Orleans Housing Code Section 26-165 (which *explicitly* authorizes demolitions *without* prior notice in imminent danger cases) and the deposition testimony of Winston Reid, Director of Housing Code Enforcement (who said the City's *actual* policy and practice was to *never* give prior notice to property owners in imminent danger cases). Judge Africk agreed with plaintiff that this evidence would be sufficient for plaintiff to meet its burden at trial.[26]

The minute entry from the pre-trial conference does not reflect such conversation.[27]

---

[22]R. Doc. No. 12, Ex. 2.

[23]*See Id*.

[24]R. Doc. No. 12, Ex. 3.

[25]*Id*. at p. 14.

[26] R. Doc. No. 12, pp. 3-4

[27]*Side by Side Redevelopment v. New Orleans City*, No. 08-Cv-3647 (E.D. La. filed Jun. 5, 2008), R. Doc. No. 34.

The Court is not persuaded that such evidence forecloses the possibility that the defendant could prevail at trial on its asserted defenses. This Court is not prepared to find at this point that the defendant has not set forth any meritorious defenses to plaintiff's complaint.

**D. Additional Factors**

Considering other relevant factors, the Court notes that when counsel for the City discovered that the deadline for filing responsive pleadings had passed and that a default had been entered, the City acted promptly by filing an answer and filing a motion to set aside default.[28]

**IV. Conclusion**

For the reasons stated above, the Court finds that the City has shown that good cause exists to set aside the judgment of default.

**IT IS ORDERED** that the City's motion to set aside default is **GRANTED.**

New Orleans, Louisiana, January 25, 2010.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[28] Although the City argues that it received no notice of the motion for entry of default, R. Doc. No. 8, p. 6., no such notice was required. Rule 5(a)(2) of the Federal Rules of Civil Procedure provides that "[n]o service is required on a party who is in default for failing to appear." Fed. R. Civ. Pro. 5(a)(2). "Notice is not required even when the clerk has not yet entered the party's default at the time the motion was filed." *Hartford Cas. Ins. Co. v. Jenkins*, 2009 WL 4898319 at * 1, n. 4 (S.D. Ala. Dec. 14, 2009)(internal citations omitted); *see also Logans v. GTECH Corp.*, 111 F.3d 893, 1997 WL 157003 at *5-6 (5th Cir. Mar. 26, 1997).